# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FASAAD BOSKIE, | No. 4:19-CV-01369 |
| Plaintiff. | (Judge Brann) |
| v. | |
| NANCY THOMAS, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### SEPTEMBER 3, 2019

## I.   BACKGROUND

Fasaad Boskie, a Pennsylvania state prisoner, filed this 42 U.S.C. § 1983 action alleging that Defendants violated his Eighth Amendment rights and committed malpractice in the manner in which they handled two events.[1] Boskie alleges that, in February 2018, he was locked in a cell with his cellmate—even though the cellmate was bleeding heavily from his face.[2] At an unknown time prior thereto, Roman Cook—Boskie's previous cellmate—intentionally contaminated Boskie's food and drink with blood and feces.[3] Prison officials purportedly

---

[1]   Doc. 1.

[2]   *Id.* at 4-5.

[3]   *Id.* at 5.

responded inadequately to this situation.[4] It is unclear whether Boskie's Eighth Amendment claim arises under an allegation of improper medical treatment, failure to protect, conditions of confinement, or all three. Boskie has also filed a motion to proceed *in forma pauperis*[5] and, for screening purposes, that motion will be granted.

## II. DISCUSSION

This Court has a statutory obligation to conduct a preliminary review of pro se complaints brought by plaintiffs who proceed *in forma pauperis*.[6] This obligation requires the Court to dismiss a complaint if it fails to state a claim upon which relief may be granted.[7] To determine whether a complaint states a plausible claim for relief, this Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."[8]

To state an Eighth Amendment claim alleging inadequate medical treatment, a prisoner "must make (1) a subjective showing that the defendants were deliberately indifferent to his or her medical needs and (2) an objective showing that those needs were serious."[9] "Because mere disagreement as to the proper medical treatment does

---

[4] *Id.*

[5] Doc. 2.

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *Id.* § 915(e)(2)(B)(ii).

[8] *Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).

[9] *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (brackets and internal quotation marks omitted).

not support a claim of an eighth amendment violation, when medical care is provided, [courts] presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care."[10] "'[D]eliberate indifference entails something more than mere negligence' and is a subjective standard that requires the official to both 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and to 'also draw the inference.'"[11]

Even under the liberal standard of review granted to pro se litigants, the facts alleged here are insufficient to establish liability on the part of the Department of Corrections Defendants ("DOC Defendants"). Boskie does not allege what medical treatment he received, how it was deficient, or whether DOC Defendants could reasonably have inferred that any treatment created a substantial risk of serious harm to Boskie. Any such claim must therefore be dismissed.

To the extent that Boskie alleges that DOC Defendants failed to protect him from Cook, "the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials 'a duty to protect prisoners from violence at the hands of other prisoners.'"[12] "Still, not 'every injury suffered by one prisoner at the hands of

---

[10] *Id.* at 535 (citation and internal quotation marks omitted).

[11] *Id.* at 538 (quoting *Farmer*, 511 U.S. at 835-37).

[12] *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012) (quoting *Farmer v. Brennan,* 511 U.S. 825, 833 (1994)).

another translates into constitutional liability for prison officials responsible for the victim's safety.'"[13]

> To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm.[14]

"Deliberate indifference in this context is a subjective standard: the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."[15]

The allegations contained in the complaint are insufficient to state a failure-to-protect claim. There are no allegations that DOC Defendants understood that Cook posed a threat to other inmates or were aware that Cook would put blood or feces in Boskie's food and drink. In the absence of such allegations, the Court simply cannot conclude that Defendants acted with deliberate indifference in failing to protect Boskie from Cook.

To the extent that Boskie alleges a claim related to his conditions of confinement as to his bleeding cellmate, two requirements must be must. "First, 'the

---

[13] *Id.* at 367 (quoting *Farmer,* 511 U.S. at 834 (ellipsis omitted)).

[14] *Id.*

[15] *Id.* (internal quotation marks omitted).

deprivation alleged must be, objectively, sufficiently serious,' resulting in 'the denial of the minimal civilized measure of life's necessities.'"[16] "In a challenge to [prison] conditions, 'the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.'"[17] "Second, 'a prison official must have a sufficiently culpable state of mind.'"[18] "'In prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety.'"[19] Boskie's allegations are insufficient to establish the requisite deliberate indifference, as there is no allegation that Defendants knew Boskie's cellmate was bleeding or, if they did, whether officials failed to adequately respond to the risk posed by the blood.

Finally, although Boskie does allege sufficient facts in support of a state law claim against Cook for assault,[20] because all federal claims are dismissed from this action, the Court declines to exercise supplemental jurisdiction over any state law claims.[21] Nevertheless, because it is not clear that amendment of Boskie's claims

---

[16] *Mammana v. Fed. Bureau of Prisons*, __ F.3d __, No. 18-2937, 2019 WL 3808506, at *3 (3d Cir. Aug. 14, 2019) (quoting *Farmer*, 511 U.S. at 834).

[17] *Id.* (quoting *Farmer*, 511 U.S. at 834).

[18] *Id.* (quoting *Farmer*, 511 U.S. at 834).

[19] *Id.* (quoting *Farmer*, 511 U.S. at 834 (ellipsis omitted)).

[20] *See Renk v. City of Pittsburgh*, 537 Pa. 68, 76, 641 A.2d 289, 293 (1994) ("Assault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person" (internal quotation marks omitted)).

[21] *See Robert W. Mauthe, M.D., P.C. v. Optum Inc.*, 925 F.3d 129, 135 (3d Cir. 2019) (noting "a court does not err if it declines to exercise supplemental jurisdiction over state claims after it dismisses a federal claim on which its jurisdiction is based in the absence of extraordinary circumstances").

would be futile, he will be afforded an opportunity to amend his complaint.[22]  Should Boskie file an amended complaint that adequately alleges an Eighth Amendment claim, the Court would permit any adequately-pled state law claims to proceed as well.

### III. CONCLUSION

For the foregoing reasons, this Court will grant Boskie's motion to proceed *in forma pauperis* but dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted.

An appropriate Order follows.

                                              BY THE COURT:

                                              *s/ Matthew W. Brann*
                                              Matthew W. Brann
                                              United States District Judge

---

[22] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).